# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **WESLEY PERKINS** | § | |
| | § | |
| **V.** | § | **NO. 1:17-CV-1173-LY** |
| | § | |
| **WHITNEY BREWSTER, et al.** | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

Before this Court are Defendants' Motions to Dismiss (Dkt. Nos. 11, 14, & 16). The District Court referred the motions to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(A), FED. R. CIV. P. 72, and Rule 1(c) of Appendix C of the Local Rules.

## I. GENERAL BACKGROUND

Wesley Perkins brings this suit for various tort claims and constitutional violations against Whitney Brewster as the Executive Director of the Texas Department of Motor Vehicles (DMV), Bell County Justice of the Pease G.W. Ivey, Bell County, Texas, the City of Belton, and Officer Reywendy Morillo.

This case results out of a traffic stop in Belton, Texas, where Perkins was pulled over because he did not have a registration tag and plates on his vehicle. When the officer asked for his license, Perkins stated that he did not have one, and he was arrested by the officer. Perkins and his vehicle were searched incident to the arrest, and he remained in custody overnight. Perkins brings claims for (1) illegal search and seizure, (2) conspiracy under § 1983, (3) false arrest, (4) violation of the right not to contract, and (5) violation of the right not to exercise a privilege. Each of these claims,

however, stems from a baseless legal argument asserted by Perkins and rejected by courts in a number of previous state and federal cases. Essentially, Perkins argues that because he has "terminated the trusts" (*i.e.*, the Certificate of Title issued to owners of vehicles) between himself and the DMV that there is no longer a "viable commercial nexus" by which he might be governed by the Texas Transportation Code. Defendants move to dismiss his claims.

## II. ANALYSIS

As noted above, this is not the first time that Perkins has made this argument. Perkins has been arrested on a number of traffic related charges over the last five years, and this is only the latest. In each of these cases, Perkins argued that any violation of the Transportation Code has as an element, a requirement of "commercial consent," and therefore he is not subject to the laws. Dkt. No. 1 at 5. In fact, this Court has previously dismissed a nearly identical case to this one. In the Report and Recommendation, the Court stated:

> Leaving aside how non-sensical this argument is, the Court's analysis need go no further than the very first assertion: that to be regulated under the Transportation Code, one must assert "commercial consent." Because this assertion is incorrect (as numerous courts have told Perkins), the remaining steps in his analysis cannot stand, as they are based on a false premise.

*Perkins v. Brewster*, 2018 WL 814250, at *2 (W.D. Tex. Feb. 9, 2018), *adopted* 2018 WL 1898402 (W.D. Tex. Mar. 7, 2018). The Court therefore found that "Perkins' argument that 'terminating the trusts' evidences non-consent to be bound by the Texas Transportation Code—even if it made sense—is baseless." *Id.*; *see also Perkins v. State*, 2016 WL 691265 (Tex. App.—Austin Feb. 19, 2016) (rejecting the argument that a vehicle must be used for a commercial purpose to be regulated under the Transportation Code); *Perkins v. State*, 2016 WL 4272109 (Tex. App.—Austin Aug. 11,

2016, pet. denied) (same); *Perkins v. State*, 2015 WL 3941572 (Tex. App.—Austin June 25, 2015) (same).

In this case, Perkins brings claims under 42 U.S.C. § 1983 to attempt to hold various state actors liable for alleged torts and constitutional violations. Essentially, he argues that the officer improperly searched and arrested him, and that the other actors conspired in pursuing his conviction. However, the entire basis for each of his claims is the oft-rejected argument that he is not required to either have a driver's license or register his car because he does not consent to be bound by the Texas Transportation Code. This is blatantly incorrect. Though each of the claims asserted by Perkins have different elements, the Court need not go through a claim-by-claim analysis. Because all of the underlying torts and constitutional violations alleged by Perkins are based solely on the argument rejected by the courts at least four times, all of Perkins' claims fail for the same reason. Accordingly, Perkins' Complaint should be dismissed.[1]

### IV. RECOMMENDATIONS

In accordance with the foregoing discussion, the undersigned **RECOMMENDS** that the District Court **GRANT** Defendants' Motions to Dismiss (Dkt. Nos. 11, 14, & 16).

### V. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

---

[1] Additionally, Perkins failed to file a response to any of the Motions to Dismiss. As such, the Court may also grant the motions as unopposed under Local Rule 7(e).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-153 (1985); *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-1429 (5th Cir. 1996) (en banc).

SIGNED this 7th day of September, 2018.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE